# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TERRENCE A. WILLIAMS,**

    Petitioner,

vs.                                                                      Case No. 4:12cv131-SPM/WCS

**FLORIDA SUPREME COURT, et al.,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION ON MANDAMUS PETITION

Petitioner filed a pro se petition for writ of mandamus pursuant to 28 U.S.C. § 1651, the All Writs Act.  Doc. 1.  He did not pay the filing fee or submit a motion to proceed in forma pauperis.

Petitioner asks this court to issue a writ of mandamus compelling the Florida Supreme Court to return the writ of habeas corpus filed there on January 23, 2012, or in the alternative, to order his release.  This relief is not available under § 1651 or by mandamus pursuant to 28 U.S.C. § 1361.

While this court has mandamus jurisdiction to compel an officer, employee, or agency *of the United States* to perform a duty owed to Petitioner under § 1361, it does not have the authority to direct a state court to act.

> It is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Under the *Rooker-Feldman* doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States. Jones cannot utilize 42 U.S.C. § 1983 to recast his claim and thereby obtain collateral review in federal court of the state court decision.

Jones v. Crosby, 137 F.3d 1279, 1280 (11th Cir.), *cert. denied,* 523 U.S. 1041 (1998) (citations omitted). The habeas corpus jurisdiction of the federal courts is an exception to this rule. *See* Sumner v. Mata, 449 U.S. 539, 543-44, 101 S.Ct. 764, 767, 66 L.Ed.2d 722 (1981) ("even a single federal judge may overturn the judgment of the highest court of a State" in granting a § 2254 petition).

According to the website of the Florida Department of Corrections, Petitioner is serving an eleven year sentence imposed by the Circuit Court in Dade County on October 6, 2005. Relief from his sentence is available in federal court, if at all, by petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. *See* § 2254(a) ("[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

Petitioner is currently incarcerated at Columbia Correctional Institution, and challenges his custody pursuant to the judgment of a state court in Dade County. Habeas corpus jurisdiction is therefore appropriate in the Middle and Southern Districts, as the districts of confinement and conviction, respectively. 28 U.S.C. § 2241(d).

Because there is a one year limitations period for filing a § 2254 petition, and in an abundance of caution, this case should be transferred to the Southern District of Florida[1] for further proceedings in habeas corpus, if appropriate.

It is therefore respectfully **RECOMMENDED** that leave to proceed in forma pauperis be **GRANTED** for purposes of transfer only, and that this cause be **TRANSFERRED** to the United States District Court for the Southern District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on March 29, 2012.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO PARTIES**

Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

---

[1] The district of conviction is generally the most convenient and appropriate venue.  See Parker v. Singletary, 974 F.2d 1562, 1582 and nn. 114 and 118 (11th Cir. 1992) (finding transfer "in furtherance of justice" under § 2241(d), citations omitted); Eagle v. Linahan, 279 F.3d 926, 933, n. 9  (11th Cir. 2001) (noting the practice of district courts in Georgia to transfer petitions to the district of conviction under § 2241(d)).

Case No. 4:12cv131-SPM/WCS